UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS TERRILL FOSTER,

    Petitioner,

v.                                                  CASE NO. 6:07-cv-552-Orl-35DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner filed a Motion for Extension of Time to File an Application for Certificate of Appealability (Doc. No. 19, filed March 25, 2009). In the motion, Petitioner requests a fifteen day extension of time to file an application for certificate of appealability.

The Court notes that Petitioner's habeas petition was denied on February 27, 2009, and judgment was entered on March 2, 2009. *See* Doc. Nos. 17 & 18. Thus, a dispositive order has been issued in this case, and Petitioner's time for filing an appeal has started to run.

"According to 28 U.S.C. § 2107(a), parties must file notices of appeal within 30 days of the entry of the judgment being appealed. District courts have limited authority to grant an extension of the 30-day time period." *Bowles v. Russell*, 127 S. Ct. 2360, 2363 (2007). The United States Supreme Court "has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Id.* at 2363 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (*per curiam*) (internal quotation marks

omitted)). As such, § 2107[1] is a statutory limitation that limits federal courts' jurisdiction. *Id.* at 2364-65 (citing *Kontrick v. Ryan*, 540 U.S. 443, 453 n. 8 (2004)). Accordingly, the United States Supreme Court has held that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Id.* at 2366.

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner's Motion for Extension of Time to File an Application for Certificate of Appealability (Doc. No. 19, filed March 25, 2009) is **DENIED** to the extent he is seeking an extension of time in which to file a notice of appeal.

2. The Court construes the instant motion as a Notice of Appeal and Application for Certificate of Appealability.

3. Petitioner's Application for a Certificate of Appealability (Doc. No. 19, filed March 25, 2009) is **DENIED**. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a

---

[1]Section 2107, Title 28 of the United States Code provides in pertinent part:

> (a) Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.
>
> (b) In any such action, suit or proceeding in which the United States or an officer or agency thereof is a party, the time as to all parties shall be sixty days from such entry.
>
> (c) The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. . . .

28 U.S.C. § 2107(a)-(c) (2008).

constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.

**DONE AND ORDERED** at Orlando, Florida, this 6th day of April 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sc 4/6
Thomas Terrill Foster
Counsel of Record